## Nedimyer et ux., etc., v. Patton Borough

Before McCann, P. J., McKenrick and Griffith, JJ.

*Shettig & Swope*, for plaintiffs.

*Francis A. Dunn* and *Myers & McDonald*, for defendant.

McKENRICK, J., August 25, 1953.—The first matter for our consideration is a petition on the part of defendant for a rule to show cause why a judgment by default for want of an appearance should not be opened and defendant let into a defense.

Plaintiffs' complaint charges, inter alia, that on March 20, 1950, Esther V. Nedimyer, accompanied by her husband, Leo C. Nedimyer, and other persons, was walking on a street in the Borough of Patton about 1 a. m.; that water from a defective drain pipe had overflowed the sidewalk and frozen into ice, thus creating a smooth and slippery condition upon the sidewalk;

that as a result of the coating of ice Mrs. Nedimyer fell and sustained serious injuries.

The complaint further sets forth that the dangerous condition had existed for a period of several years upon the sidewalk which fronted on the property of one Sue Kelly; that the borough officers knew or should have known of the dangerous condition but, nevertheless, permitted such condition to exist; that the injured plaintiff was not aware of the condition of the sidewalk and could not anticipate the danger of walking over the ice. Further, that the icy condition could not be seen in the night time and Mrs. Nedimyer, who did not live in the Borough of Patton, was not familiar with the dangerous condition that confronted her.

It is not necessary to go further into the matters set forth in plaintiffs' complaint because the complaint sufficiently sets forth a cause of action against the Borough of Patton and defendant has not questioned the legal sufficiency of the same.

Notice of the claim of plaintiffs was given to the Borough of Patton on July 6, 1950, being within six months from the date of the origin of the claim, as required by the Act of July 1, 1937, P. L. 2547.

Shortly after the notice was served upon the borough officers a representative of Eureka Casualty Company called at the office of the attorneys for plaintiffs and stated that his company had been advised of the service of the notice and that it carried liability insurance for defendant borough. In December 1950 the same man called plaintiffs' attorneys and requested that they have Mrs. Nedimyer call at the office of Dr. Pardoe in Johnstown, who was the physician for the insurance company, for the purpose of undergoing an examination. Mrs. Nedimyer called at the doctor's office, was given an examination and advised to try certain means of correcting her crippled condition. The doctor requested that she visit his office on a later occasion for

a further examination, which she did, and was then requested to make a third visit to the office of the doctor. Nothing further was heard from the insurance company, and at no time had any officer or employe of the Borough of Patton been in communication with plaintiffs or their attorneys, all contact having been made by a representative of the insurance company, one Mr. Carey, and the insurance company's physician.

On April 21, 1951, more than one year after the accident occurred, plaintiffs instituted suit against the Borough of Patton. A copy of the complaint, with notice to appear and plead, was served upon the secretary of defendant Borough of Patton by the Sheriff of Cambria County. No appearance was entered for defendant borough, and after the expiration of 20 days' notice to appear and plead judgment was, on the twenty-second day thereafter, entered on præcipe against the Borough of Patton.

On June 18, 1951, the Borough of Patton filed a petition for a rule to show cause why the judgment should not be opened. The petition to open admitted that the sheriff, on April 24, 1951, did serve a copy of the aforesaid complaint upon the borough secretary, and further set forth that the Borough of Patton is covered under a policy with the Eureka Casualty Company against liability for accidents of the nature complained of in the complaint. The petition further sets forth that the insurance was procured through an agent for the insurance company. On April 27th the secretary of the borough delivered to the agent for the insurance company the complaint referred to, believing that the agent was authorized to act on behalf of the insurance carrier and that the necessary steps would be taken to protect the rights of the Borough of Patton. No appearance was entered in behalf of the borough, nor was any preliminary objection filed to the

complaint within the 20 days, and petitioner alleges that the failure to file an answer or appear was due to the neglect of the insurance agent in forwarding to the Eureka Casualty Company the copy of the complaint.

Paragraph 8 of the petition sets forth as follows:

"Said judgment was taken with knowledge that Borough of Patton employed as its solicitors, for many years, the firm of . . . (attorneys), and no notice was given to said attorneys."

The petition further sets forth, in paragraph 9: "Borough of Patton has a real defense to said complaint."

An answer was filed to the petition for the rule to open the judgment, averring that plaintiffs' attorneys had no knowledge as to what attorneys, if any, were the solicitors for the Borough of Patton, and denied that the solicitors were entitled to notice of the bringing of suit or the entry of judgment; and further setting forth that all of the negotiations were with the representative of the Eureka Casualty Company and that no attorneys or officials of the Borough of Patton ever consulted with or had dealings otherwise in connection with the case with plaintiffs or their attorneys, and that it was not until after judgment had been entered by reason of defendant's default in failing to file an answer or enter an appearance that plaintiffs' attorneys were aware of the interest of any other attorneys in the case.

Plaintiffs further aver that they complied with all the requirements of the law and that the judgment was legally entered under Rule 1047 of the Rules of Civil Procedure, which reads as follows:

"The prothonotary on præcipe of the plaintiff, shall enter judgment against a defendant by whom no appearance or pleading to the complaint is filed. In this case the damages shall be assessed at a trial at

which the issue shall be limited to the amount of the damages."

The answer further avers that the judgment having been legally entered, the same represents a property right of plaintiffs, and that for the court to open the same would be in defiance of the prescribed rules of legal procedure, as well as an injustice to plaintiffs. They pray that the rule to show cause should be dismissed.

The case was argued before the court en banc and comprehensive briefs filed by counsel for plaintiffs as well as counsel for the Borough of Patton, who also represents the Eureka Casualty Company.

There is no question that the court has power to open judgments under proper circumstances, and it would be an affectation of learning to cite cases supporting this proposition. In defendant's brief, 7 Standard Pa. Practice 28, et seq. is extensively quoted, and reference made to the cases cited therein. One of the prerequisites of a petition to open a judgment, as set forth in the text quoted, is that petitioner show a meritorious defense. The only reference to a defense in the petition is in paragraph 9, where it states that "Borough of Patton has a real defense to said complaint." In defendant's brief it is stated, "In the instant case, an affidavit of defense, this being trespass, was not required," and this is probably given as an excuse for not setting forth in detail the nature and character of the defense in the petition.

It is true that an affidavit of defense is not required as one of the pleadings, but when defendant appeals to the conscience and discretion of the court to open a judgment legally entered, it surely is incumbent upon petitioner to set forth in his petition at length the defense which he has to plaintiffs' claim. "Real defense" means nothing to the court, to which the petition is addressed. If the defense to the suit is a meritorious

one it might have weight with the court in passing upon the petition. However, the defense might not be either a meritorious one in fact or sufficient in law and the court certainly would not open a judgment and require a trial by jury where there was no legal defense to plaintiffs' claim. In cases where an affidavit of defense is necessary, it is proper practice to attach to the petition to open the judgment a copy of the affidavit of defense which would be filed in the event the judgment is opened. We think that where an affidavit of defense is not required the petition should at least set forth the nature and character of 'the defense for the information of the court. This was not done and plaintiffs' answer to the petition denies that there is any defense to plaintiff's claim.

It has been argued at length that the failure of the representative of the insurance carrier to promptly inform his principal that suit had been instituted should move the court to open the judgment. On the other hand, plaintiffs contend that the default or neglect of the representative of the insurance carrier who had received the papers from the borough to notify his company is not chargeable to plaintiffs or their counsel. Defendant's brief sets forth that when the notice of the claim was presented to the borough, such notice was transmitted promptly to the representative of the insurance company and there in turn communicated to the company. It was this notice that induced the several communications between the insurance company's representative, Mr. Carey, and counsel for plaintiffs. Plaintiff had the right to assume that when suit was instituted and the complaint, with notice to appear and plead, was served upon the Borough of Patton, the Borough of Patton would, if an insurance carrier was involved, communicate with the company, and they were not required to pursue an inquiry as to

whether or not such company had received notice promptly or late. Nor do we think that counsel for plaintiffs were required to communicate with attorneys who might or might not represent the Borough of Patton in this proceeding. Counsel for plaintiffs admit that they knew that certain attorneys sometimes performed legal services for the Borough of Patton, and they also knew that the attorney for the Eureka Casualty Company, who appears in this proceeding, usually represented his company in the trial of similar cases. That would not impose a burden upon counsel for plaintiffs to communicate with attorneys who presumably knew all about the proceedings. In other words, counsel for plaintiffs could properly assume that legal representatives of both the Borough of Patton and the Eureka Casualty Company had full notice of all the proceedings, and whether they chose to enter appearances for their respective clients was a matter for them to decide rather than for plaintiffs' counsel. Plaintiffs in this case had no knowledge of the persons who might or might not be concerned with their case against defendant Borough of Patton. So far as plaintiffs here are concerned their judgment was legally obtained, the Rules of Civil Procedure were fully complied with, and to deprive them of the fruits of their judgment, with its necessary incidents, would be most unjust to them. The controversy among the attorneys involved in this case is not chargeable to plaintiffs, who clearly had no knowledge of legal procedure. We can assume that plaintiffs were advised by their counsel that if no appearance was entered within the prescribed time, or attack made upon the sufficiency of the complaint by way of preliminary objections, that they would be entitled to have judgment, and that the only question upon a trial would be the amount of damages which, of course, would have to be sufficiently proved.

It is true there are cases where neglect of counsel to move promptly have resulted in the opening of judgments, especially where a clearly meritorious defense is set forth. However, this case does not involve neglect of counsel. The difficulty in which defendant and the insurance carrier find themselves was not in any way of the making of plaintiffs. We find nothing in this record that would justify us in taking away from these plaintiffs a legal right which is their property. We will, therefore, make an order discharging the rule to show cause why the judgment should not be opened.

There is another feature of this case to which our attention must be directed. After the entry of judgment on May 16, 1951, to wit, on June 18, 1951, the Borough of Patton issued a writ of scire facias to bring upon the record as an additional defendant Sue, otherwise Susan, Kelly, alleging that she is liable over to the borough for the cause of action declared in plaintiffs' claim.

The purpose of a scire facias to bring in an additional defendant is to have all of the questions in controversy settled in one proceeding and not by separate trials. No authority has been cited, nor do we believe any can be cited, to support the proposition that after judgment is obtained, by trial or otherwise, against an original defendant, a scire facias may issue to bring in an additional defendant.

Plaintiffs' counsel and special counsel appearing for Sue Kelly moved to set aside the proceedings joining Kelly as an additional defendant on the ground that judgment had been taken against original defendant before proceedings were entered to join an additional defendant. We are satisfied that the contention of the objecting parties must be sustained in view of our decision to decline to open the judgment.

We, therefore, enter the following

*Decrees*

And now, August 25, 1953, at 3 p. m. (E. D. S. T.), after argument and due consideration, the rule to open the judgment is discharged.

The rule to show cause why the præcipe, writ and return of service in connection with an effort to bring an additional defendant upon the record and the scire facias should not be stricken from the record is made absolute.

Costs of these proceedings to be paid by defendant.